# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07 CR 79

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| GREGORY LAQUINN JACKSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS CAUSE coming on to be heard before the undersigned, pursuant to a motion entitled "Motion for Bond Reconsideration" (#13) filed by the defendant. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, Charles W. McKeller and that the Government was present through Assistant United States Attorney, Corey Ellis and from the evidence offered, the court makes the following findings:

**Findings**. The court incorporates herein by reference the court's written Order of Detention (#10) which was filed on September 10, 2007 and also the court's written Order (#12) concerning the revisiting of the issue of detention of the defendant that was filed on September 17, 2007.

On August 31, 2007, the undersigned held a hearing in regard to the issue of whether or not the defendant should be detained. At the hearing, the undersigned raised the question of why there had been a delay in the indictment of the defendant. The Government advised forthrightly that at that time the Government was unable to answer the court's question. The undersigned determined to enter an order detaining the defendant but rescheduling the matter for further hearing on that issue for September 10, 2007. On September 10th the detention

hearing was renewed. At that time, evidence was presented by the Government, through Det. Shannon Smith of the McDowell County Sheriff's Department. Det. Smith explained to the court that the reason for the delay was that a witness who had made undercover purchases of cocaine base from the defendant had refused to testify and that problem had now been resolved. The undersigned found that was a reasonable explanation for the delay and issued an order detaining the defendant.

In the motion for reconsideration and in arguments made to the undersigned by defendant's counsel, Mr. McKeller argued to the court that the Government had changed its position regarding the detaining of the defendant and that the Government had agreed to withdraw its motion for detention and the withdrawal of the motion constituted a substantial change of circumstances in this case.

The undersigned incorporates by reference the findings as set forth in the Order of Detention (#10) filed on September 10, 2007 and the Order (#12) filed on September 17, 2007.

**Discussion**. An examination of the criminal record of the defendant shows that he has three felony convictions involving the sale and delivery of cocaine. Those convictions occurred in March of 1997. The defendant has a misdemeanor conviction of possession of controlled substances on jail premises on February 21, 2007. Additional convictions of the defendant show that the defendant has been convicted of resisting a public officer three times. He has been convicted of driving while license revoked eleven times with the last

conviction having occurred in May of this year. The defendant has other convictions that includes speeding to elude arrest. Despite this criminal record, the undersigned has reconsidered the issue of the release of the defendant. After considering all factors as set forth under 18 U.S.C. § 3142(g), the undersigned finds that there is clear and convincing evidence that the release of the defendant would create a danger to other persons or the community. The defendant's criminal record indicates to this court that such danger exists. The defendant has been convicted of three felonies involving cocaine base which is the same substance that the defendant is now charged with distributing. Additionally, the defendant has 22 misdemeanor convictions, eleven of which involve driving while license revoked with the last conviction occurring in May 2007. These convictions show that the release of the defendant would create a danger to any other person or the community either through the defendant's activities in selling and delivering controlled substances or in driving while his drivers license are revoked.

    The undersigned has included in the consideration of this matter the request of the Government that the defendant not be detained. The fact that the defendant intends to enter a plea of guilty and will cooperate with the Government does not change the court's opinion about whether or not the defendant would, if released, create a danger to any other person or the community. The consent of the Government to the release of the defendant does not outweigh the court's finding regarding danger to the community.

    Based upon the foregoing, the undersigned has determined to enter an order denying the defendant's motion for reconsideration.

**ORDER**

**WHEREFORE**, it is **ORDERED** that the defendant's Motion for Bond Reconsideration (#13) be **DENIED** and that the defendant be detained pending further proceedings in this matter.

Signed: October 26, 2007

_____
Dennis L. Howell
United States Magistrate Judge